## THOMAS H. BETTS

*v.*

## FRANCIS WURTH, JR.

A mortgage was given in January, 1872. In November, 1873, the defendant, a son of the mortgagor, moved a frame building upon the premises, where he placed it on a stone foundation, which he built, and afterwards used it as a shop and dwelling. The premises were sold, under foreclosure, in December, 1877, and bought by the mortgagee, whereupon the defendant agreed to pay rent for the house and lot, and did so from January to December, 1878. In January, 1879, proceedings were begun to remove him for non-payment of rent, and he then claimed that the building belonged to him, and asserted his right to remove it as a trade fixture. He was restrained from doing so by injunction.—*Held*, without determining the question whether such a building is, as between mortgagor and mortgagee, a trade fixture, that the defendant is, by leasing such building after the foreclosure sale, and paying rent therefor, estopped from setting up title thereto in himself.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. G. M. Olmstead*, for complainant.

*Mr. C. S. See*, for defendant.

THE CHANCELLOR.

Francis S. Wurth, sen., and his wife, mortgaged certain lots of land in Hudson county to Catharine Terhune, January 20th, 1872, to secure the payment of $1,000 and interest. After the mortgage was given, and in November, 1873, the defendant, Francis Wurth, jun., son of the mortgagors, moved a frame house from another lot of land upon the mortgaged premises, and placed it on a stone foundation set in the ground, which he built there for it. The mortgaged premises were sold under proceedings for foreclosure, December 6th, 1877, and were bought by Mrs. Terhune, the mortgagee. Afterwards the defendant agreed with Mrs. Terhune's agents to pay rent for the house and lot, and paid rent accordingly for several months. Mrs. Terhune sold and conveyed the property to the complainant December 11th, 1878.

The defendant, in January, 1879, asserting that he was the owner of the house, and had a right to move it away, undertook to remove it accordingly. He was restrained by injunction in this suit. His claim rests on the allegation that the house was a trade fixture (he used it partly for a shop and partly for a dwelling for himself and his family), and that he placed it on the lot under a lease at will from his mother, who owned the fee of the property. He alleges that he was to pay his mother three dollars a month rent for the lot, and was to remove the building whenever notified to do so.

I do not deem it necessary to the decision of this case to pass upon the question raised upon the argument as to whether fixtures removable as between landlord and tenant, placed by a tenant of the mortgagor upon premises subject to mortgage at the time of the making of the lease, are removable as against the mortgagee, where the mortgagee has not joined in or consented to the lease. The proof shows that the building was put upon a permanent foundation, and it apparently was intended to be a permanent annexation to the freehold.

When Mr. Gaede, Mrs. Terhune's agent, after she purchased the property at the sheriff's sale, insisted that the defendant should pay rent for the house and lot or give up possession, he agreed to pay rent, and said to Mr. Gaede that his parents had not treated him well; that he had always expected to get title for the property, and through that expectation had been induced to put some of his own money into the house, and that his parents had disappointed him in the matter. He told the complainant, after the latter had bought the property, that he had put some money into the house and had built part of it. It appears that he did not assert his claim until January, 1879. It is worthy of remark that in his statement, contained in his special affidavit attached to his answer, of the circumstances and terms under which he placed the building on the land, he swears that his mother authorized and permitted him to move the building on her lot, and to keep it there until she should require him to remove it therefrom, but says nothing about any tenancy; and her affidavit is to the same effect. If he placed the house on the land merely under an expectation or promise of acquiring title to the property, he clearly has no claim to the building as against the complainant. *Smith* v. *Smith, 4 Dutch. 208.*

Again, he well knew of the existence of the mortgage from the time when it was given. This is plain from his mother's testimony; notwithstanding her declaration that in her testimony on this point she referred to his father and not to him. He knew of the purchase of the property by the mortgagee at the foreclosure sale. He became her tenant and occupied the property accordingly from some time in January, 1878, and paid the rent up to the first of December in that year; and it was not until after the sale of the property by her to the complainant, and after proceedings to dispossess him for non-payment of rent had been taken, that he asserted his claim of ownership. His tenancy, if any ever existed, was terminated by the sale of

the property under the foreclosure.    *Taylor's Land. & Ten.* (*6th ed.*) *48.*

After that sale and his subsequent acceptance of a lease of the property from the purchaser thereat, without exemption or reservation of the building, he could not successfully assert any title to the building.    *Ewell on Fixt. 174.*

The injunction will be made perpetual.